**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**CHARLIE BALTRUSCH** **PLAINTIFF**

**v.** **Case No. 5:26-CV-05046-DCF**

**KANSAS CITY SOUTHERN**
**RAILWAY COMPANY, *et al.*** **DEFENDANTS**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

Before the Court is a Report and Recommendation (Doc. 11) issued on June 1, 2026, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. On preservice screening, Magistrate Judge Comstock recommends that Plaintiff Charlie Baltrusch's Complaint be dismissed without prejudice. On June 23, 2026, Plaintiff filed Objections to the Report and Recommendation (Doc. 12), which triggered this Court's *de novo* review of the entire record.

After careful review, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in most respects as this Court's findings. For the reasons given below, the Court **CONCURS WITH THE CONCLUSION** and **ADOPTS IN PART AND REJECTS IN PART THE RATIONALE OF THE REPORT AND RECOMMENDATION.**

## I. BACKGROUND

Plaintiff has not objected to the background summarized in the Report and Recommendation. Therefore, after a considered review of the case, the Court adopts the background as provided in the Report and Recommendation.

## II. LEGAL STANDARD

Under a § 1983 claim, "a plaintiff must demonstrate a plausible claim for relief, which is more than a mere possibility of misconduct." *Graves v. Short*, No. 25-00262, 2025 WL 2299405, at *1 (E.D. Miss. Aug. 7, 2025) (quoting in part *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). When considering whether "a complaint states a claim for which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor." *Fraction v. Moorhead Police Dep't*, No. 22-3019, 2023 WL 6930761, at *3; *see Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014). While "a complaint's factual allegations need not be detailed, [they] must raise a right to relief above the speculative level." *Fraction*, 2023 WL 6930761, at *3 (quoting in part *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to [a] less stringent standard than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d

912, 914 (8th Cir. 2004).

**III. DISCUSSION**

Plaintiff objects to the Report and Recommendation on the following two grounds: 1) he filed his claim on a § 1983 form because that is what he was told to do by another inmate and 2) he made no legal arguments because the form instructed him to "NOT give any legal arguments or cite any cases or statutes." (Doc. 12, pp. 2-3). The Court will address each in turn.

**A. 42 U.S.C. § 1983**

While Plaintiff indicates in his Objection that he was "under the impression that filing a claim via '1983' [was his] only option" (Doc. 12, p. 2), it does not appear that he is contesting the Report and Recommendation analysis regarding a § 1983 claim. Specifically, Plaintiff appears to agree with Magistrate Judge Comstock's finding that he "does not identify any federal law or constitutional right" that was violated. (Doc. 11, p. 3). He notes that his claim was not discussed in detail because the form instructed him not to "state any arguments." (Doc. 12, p. 4). Instead, Plaintiff asserts in his Objections that the "defendant breached 'standards of conducts' [sic] and, as a result [he] was injured." (*Id.*). Plaintiff continues by outlining elements of his claim that fall into the framework of a negligence action brought under Arkansas law as discussed in the Report and Recommendation. (*Id.* at 3-6). For these reasons, the Court adopts the findings of the Report and Recommendation with respect to the 42 U.S.C. § 1983 claim.

**B. Arkansas Law Claim**

After careful review of the record, the Court finds that Plaintiff is attempting to lay out a negligence action claim under Arkansas law. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to [a] less stringent standard than formal pleadings drafted by lawyers." *Erikson*, 551 U.S. at 94. "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914. While the Court agrees with the Report and Recommendation that the negligence claim was not abundantly clear in the Complaint, Plaintiff's Objection clarifies facts previously alleged. *See Thornton v. Phillips Cnty*, 240 F.3rd 728, 729 (8th Cir. 2008) (suggesting that objections to a magistrate judge's report can be treated as a way to amend the original complaint).

In his Objection, Plaintiff maps out the events of his accident that align with the requirements for a negligence claim: duty, breach, causation, and damages. *See Shanner v. U.S.*, 998 F.3d 822, 825 (8th Cir. 2021) (outlining the required elements for a negligence claim under Arkansas law). "[I]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone*, 364 F.3d at 915.

However, before the Court may consider whether Plaintiff properly stated a negligence claim, it must ensure federal jurisdiction exists because "[w]ithout

jurisdiction the court cannot proceed []." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* Federal courts have "discretion to decline jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Barstad v. Murray Cnty*, 420 F.3d 880, 888 (8th Cir. 2005).

District courts are "courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that actions brought before a federal district court must arise under federal question or diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services*, Inc., 545 U.S. 546, 552-53 (2005). Congress conferred original jurisdiction for "federal question cases, those that arise under the Constitution, laws, or treaties of the United States." *Id.* at 552. "[O]riginal jurisdiction [also exists] in [diversity] civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Id.* Diversity jurisdiction also "requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Id.*

Because the Plaintiff agrees this is not a 42 U.S.C. § 1983 claim, there is no federal question that would permit jurisdiction and Plaintiff must now allege sufficient facts to meet diversity jurisdiction. Upon review of the facts, the Plaintiff has not alleged enough elements in either his original Complaint or Objections for

the Court to determine if diversity jurisdiction applies. The Court cannot determine whether complete diversity exists or whether the amount in controversy exceeds $75,000. As such, the Court cannot determine whether it has jurisdiction to hear Plaintiff's negligence claim at all.

For these reasons, the Court agrees with the recommendation that the Complaint should be dismissed without prejudice, not due to insufficient allegations, but rather because it is unclear if proper jurisdiction exists. There is nothing in this Order prohibiting Plaintiff from re-filing his action in the proper court should he satisfy the jurisdictional requirements of that court.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation is **ADOPTED IN PART AND REJECTED IN PART**. The Court **ADOPTS** the reasoning and recommendation as to the 42 U.S.C. § 1983 claim. The Court **REJECTS** the reasoning but **ADOPTS** the recommendation as to the Arkansas law claim**, SUBSTITUTING ITS OWN REASONING** regarding dismissal**.** Accordingly, Plaintiff's case will be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 25th day of September 2026.

/s/ David Clay Fowlkes

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE